UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHERYL KUJAWSKI,

                Plaintiff,

v.

                                               **DECISION AND ORDER**

                                                  19-CV-603S

LIBERTY MUTUAL INSURANCE COMPANY,

                Defendant.

## I.      Introduction

This is a removed diversity action (Plaintiff is a Florida resident; Defendant is a Massachusetts corporation, Docket No. 1, Notice of Removal ¶¶ 4-5, Ex. A, Compl. Parties ¶¶ 1, 2) alleging torts from Plaintiff's former employment with Defendant.

Before this Court are (a) Defendant's Motion to Dismiss (Docket No. 5)[1] the Complaint and (b) Plaintiff's Motion to Strike Defendant's Motion (Docket No. 14)[2].

For the reasons stated, Plaintiff's Motion to Strike Defendant's Motion (Docket No. 14) and Defendant's Reply (Docket No. 13) is granted.  Defendant has until April 7, 2021, to file a Notice of Motion for its stricken Motion to Dismiss (Docket No. 5).  As a

---

[1]In support of Defendant's Motion to Dismiss, Defendant submits its "Motion to Dismiss Plaintiff's Complaint," Memorandum, with exhibit, the Defendant's Employee Handbook, Docket No. 15.
    In opposition, Plaintiff filed her attorney's Affirmation, Memorandum of Law, Docket No. 12.
    In reply, Defendants submit their Reply Memorandum, Docket No. 13.

[2]In support of her Motion to Strike, Plaintiff submits her Notice of Motion, her attorney's Affirmation, and Memorandum of Law, Docket No. 14.
    In opposition, Defendant submitted its Opposition Memorandum, Docket No. 16.
    In reply, Plaintiff's attorney submitted her Reply Affirmation with exhibit, D'Antonio v. Metropolitan Transp. Auth., No. 06 CV 4283, 2008 WL 582354 (S.D.N.Y. Mar. 4, 2008).

result, this Court will not consider the merits of Defendant's Motion to Dismiss (Docket No. 5) until Defendant files the Notice of Motion.

## II.      Background

### A.  Complaint (Docket No. 1, Ex. A)

Plaintiff filed her Complaint on February 12, 2018, in New York State Supreme Court (Docket No. 1, Ex. A).  Plaintiff alleges that Defendant negligently inflicted emotional distress, negligently hired, and breached the implied contract, all arising from Defendant hiring a new managing attorney in its Legal Department that criticized Plaintiff and caused her emotional distress.

Plaintiff began at Defendant's Legal Department in March 1988 and was promoted to office manager in 1998 (id., Compl. Relevant Facts ¶¶ 1-2).  In 2008, Plaintiff managed Defendant's Legal Department offices in Buffalo and Albany and received favorable evaluations throughout her tenure (id. ¶¶ 3, 4).

In 2011, Defendant hired Destin Santacrose as managing attorney for the Legal Department (id. ¶ 5).  Santacrose began to show dissatisfaction with Plaintiff's work (id. ¶¶ 6-8).  In September 2015, after Plaintiff returned from a stress-related disability leave, Santacrose began to ridicule Plaintiff and publicly embarrass her before her coworkers (id. ¶¶ 9, 10, 11).  Santacrose blamed Plaintiff for what turned out to be his mistakes (id. ¶ 12).  At the end-of-year evaluation by Santacrose, Plaintiff received the worst evaluation working for Defendant (id. ¶ 13).  Plaintiff reported Santacrose's conduct to Defendant's upper management (id. ¶ 14).  Santacrose then placed a written warning for a fabricated infraction in Plaintiff's personnel file (id. ¶ 15).

Plaintiff suffered another stress-related illness and was forced to take medical disability leave (¶¶ 16, 17).  She later inquired about severance packages and resignation, offering to turn in her work laptop and office keys (id. ¶¶ 19-21).  Plaintiff turned in the keys and equipment but received no acknowledgement from Defendant of receipt thereof (id. ¶¶ 21-22).  Plaintiff then contacted Defendant's Human Resources Department and that office had not been informed about Plaintiff's circumstances (id. ¶¶ 23-25).

Defendant, however, did not offer Plaintiff a severance package and deemed Plaintiff to have resigned as of the date she surrendered her keys and laptop (id. ¶¶ 25-26) despite Plaintiff not intending to resign as of her turning in that equipment (id. ¶ 27).

Plaintiff's First Cause of Action alleges negligent infliction of emotional distress under New York common law (id. ¶¶ 29-44) from Santacrose finding fault in Plaintiff's performance and his verbal reprimands of her (id. ¶¶ 30, 35-36).  Santacrose had ordered Plaintiff to "manage out" another senior employee (id. ¶¶ 31-33) and Plaintiff felt that Santacrose was trying to "manage her out" of her job (id. ¶ 39).

The Second Cause of Action alleges negligent hiring, supervision, and retention of an unfit employee (Santacrose) under New York law (id. ¶¶ 46-56).  The Third Cause of Action alleges a New York common law claim for breach of an implied contract created in Defendant's employee handbook (id. ¶¶ 58-67).

B.  Motion to Dismiss (Docket No. 5)

Defendant moved to dismiss (Docket No. 5).  Responses to this motion initially were due on June 20, 2019, and replies by June 27, 2019 (Docket No. 6).  Plaintiff, however, had not responded.  This Court granted Plaintiff additional time to respond, then due by August 16, 2019, with replies due August 23, 2019.  (Docket No. 7.)  Plaintiff

3

sought further extensions (Docket Nos. 8, 10) which were granted, and responses were due by October 16, 2019, and reply by October 23, 2019 (Docket No. 11; see Docket No. 9).

Plaintiff then responded (Docket No. 12). One of Plaintiff's arguments was that the Motion to Dismiss should be summarily denied because Defendant failed to file a Notice of Motion (Docket No. 12, Pl. Memo. at 2-3).

Defendant duly replied (Docket No. 13), contending that Plaintiff received adequate notice of its Motion to Dismiss despite not submitting a formal Notice of Motion (id., Def. Reply Memo. at 2-3).

C. Plaintiff's Motion to Strike the Motion to Dismiss (Docket No. 14)

Over a week after Defendant replied in its Motion to Dismiss, Plaintiff filed her Motion to Strike the Motion to Dismiss (Docket No. 14), elaborating on the omission of a Notice of Motion and Defendant's non-compliance with this Court's Local Civil Rules for filing motions (Docket No. 14).

Defendant's response to this motion was due November 15, 2019, and reply by November 22, 2019 (Docket No. 15). Defendant made a timely response (Docket No. 16) and Plaintiff replied (Docket No. 18).

With these timely submissions by the parties, both motions then were deemed submitted without oral argument. Following consideration of both motions, this Court first considers Plaintiff's Motion to Strike (Docket No. 14).

### III.  Discussion

A.  Applicable Standards—Striking Motion

Under this Court's Local Civil Rule 7(a)(1), "a notice of motion is required for all motions, and must state:  the relief sought, the grounds for the request, the papers submitted in support, and the return date for the motion, if known."  That notice also should state whether the movant intends to file and serve reply papers, W.D.N.Y. Loc. Civ. 7(a)(1).  Failure to comply with the local rule is grounds for denial of the non-compliant motion, see Lewis v. FMC Corp., No. 04CV331, 2008 WL 4500185, at *1 (W.D.N.Y. Sept. 30, 2008) (Skretny, J.); see also Zito v. United Airlines, No. 6:20CV6203, 2021 WL 799265, at *7, 8 (W.D.N.Y. Mar. 3, 2021) (Wolford, J.).

The late Magistrate Judge Hugh Scott once observed "the intent of Local Civil Rule 7 is to provide notice to the opponent and the Court of the relief being sought, the basis for it, and when the movant intends to have the motion argued," Nowlin v. 2 Jane Doe Female Rochester New York Police Officers, No. 11CV712, 2013 WL 3897504, at *3 (W.D.N.Y. July 29, 2013) (Scott, Mag. J.).

As observed by Defendant (Docket No. 13, Def. Reply Memo. at 2-3), this Court has "broad discretion to determine whether to overlook a party's failure to comply with local court rules," Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001).

Unlike failure to comply with other portions of the Local Rules for filing motions, such as the contents of a memorandum of law for a motion to dismiss, motion for injunctive relief, or motion for summary judgment where failure to comply may be grounds for resolving the motion against the movant, W.D.N.Y. Loc. Civ. R. 7(a)(2)(A), or affidavits, id. R. 7(a)(3), or failing to controvert a movant's statement of material facts, id.,

5

R. 56(a)(2), see Lewis, supra, 2008 WL 4500185, at *1 (Docket No. 13, Def. Reply Memo. at 3 n.2), or non-compliant papers filed with this Court, W.D.N.Y. Loc. R. 10(b), there is no express provision under Local Civil Rule 7 for striking a motion in the absence of a notice of motion.

Under Federal Rule of Civil Procedure 12(f), this Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own, Fed. R. Civ. P. 12(f)(1), or upon a motion from a party either before responding to the pleading or within 21 days of filing of the pleading, id., R. 12(f)(2) (Docket No. 16, Def. Memo. at 1-2). The Federal Rules distinguish pleadings, id., R. 7(a), from motions and other papers served and filed in a case, id., R. 7(b).

B. Parties' Contentions

1. Plaintiff's Motion to Strike (Docket No. 14)

Plaintiff objects to Defendant's failure to file a Notice of Motion with its Motion to Dismiss, in violation of W.D.N.Y. Loc. Civ. R. 7(a)(1) (Docket No. 14, Pl. Motion to Strike). Plaintiff argues that Defendant did not file a Notice of Motion, therefore its Motion and Reply should be stricken (Docket No. 14, Pl. Atty. Affirm. ¶ 3; id., Pl. Memo. at 1-2) the latter because Defendant has not stated its intention to Reply. Since Rule 7 states that Notice of Motion is required, Plaintiff concludes that this requirement is jurisdictional (Docket No. 14, Pl. Memo. at 2). She urges strict adherence to this Court's rules (id., citing Lewis, supra, 2008 WL 4500185), as Defendant argued against Plaintiff (id. at 2-3).

2. Defendant's Response (Docket No. 16)

Defendant asserts that Plaintiff's present motion is untimely under Federal Rule of Civil Procedure 12(f) and this Court's briefing Orders (Docket No. 16, Def. Memo. at 1-2).

Defendant claims that its "Motion" fairly and adequately provided notice to Plaintiff of the nature and basis of its motion, urging the Court to look at the substance of the filing rather than form (id. at 2-3, citing, e.g., D'Antonio v. Metropolitan Transp. Auth., No. 06 CV 4283, 2008 U.S. Dist. LEXIS 16726, at *8-9 (W.D.N.Y. [sic.] Mar. 4, 2008) (Southern District of New York waived its requirement for Notice of Motion); see also Docket No. 13, Def. Reply Memo. at 2-3).

### 3.   Plaintiff's Reply (Docket No. 18)

Plaintiff argues that Defendant misstates the court that decided D'Antonio, supra, 2008 U.S. Dist. LEXIS 16726, 2008 WL 582354 (S.D.N.Y. Mar. 4, 2008), noting that the United States District Court for the Southern District of New York rendered that decision and not this Court (Docket No. 18, Pl. Atty. Reply Affirm. ¶ 3, Ex. A).

### C.  Absent Notice of Motion to Dismiss

### 1.  What Defendant Filed for its Motion to Dismiss

Defendant has not filed a Notice of Motion.  It filed a "Motion to Dismiss," a single document consisting of a one-paragraph "Motion" summarizing the relief sought and an attached Memorandum of Law with exhibit attached (Docket No. 5), which stated the relief sought (with arguments for dismissal of the Complaint).  Defendant implicitly argues that its Motion contains all of the elements required in the Notice of Motion (see Docket No. 13, Def. Reply Memo. at 2).  Defendant, however, did not list the papers submitted in support of its motion or indicate its intention to reply; it also did not indicate a return date, if known to Defendant, items required in a Notice of Motion, W.D.N.Y. Loc. R. 7(a)(1).

After Plaintiff moved, Defendant made no effort to seek leave (after the fact) to file a proper Notice of Motion or to refile its Motion to Dismiss with a Notice.  Defendant rests

upon the completeness of its Motion.  This, however, is not the same as a Notice of Motion.

Contrary to Defendant's contention under Federal Rule 12(f) (Docket No. 16, Def. Memo. at 1-2), Plaintiff's Motion is timely.  Rule 12(f) applies to pleadings, setting the timing for a motion to strike them from when the pleading is served, Fed. R. Civ. P. 12(f)(2).  Pleadings are distinct from other papers, such as motions (compare Fed. R. Civ. P. 7(a) (listing of pleadings) with id., R. 7(b) (discussing motions and other papers)). The Federal Rules and this Court's Local Civil Rules have no timeline for moving to strike a purportedly deficient paper or motion.  Even if Federal Rule 12(f) applies, that rule also has provision allowing this Court on its own to strike a pleading, Fed. R. Civ. P. 12(f)(1), without that authority being tied to the time the purported offending pleading was filed, id.

Despite Plaintiff serving this Motion to Strike on October 31, 2019, 146 days after Defendant filed its Motion to Dismiss on June 6, 2019, Plaintiff's present motion is timely.

### 2.  Discretion in Enforcing Local Rules

Defendant rests upon the "Motion" it submitted.  While this "Motion" gave some of the information required in a Notice of Motion under Rule 7(a)(1) (such as the relief sought and the grounds therefor), it did not contain all the information required for a Notice of Motion.  Contrary to Defendant's denial of any prejudice to Plaintiff (Docket No. 16, Def. Memo. at 3-4), Plaintiff was prejudiced from the lack of a Notice of Motion by not knowing Defendant's intention to reply (as Defendant later replied, Docket No. 13), the scope of documents in support of the Motion to Dismiss, and (if known) the projected return date for the Motion.  Defendant rests on this Court's scheduling Order (Docket No. 6) that set a deadline for a Reply (Docket No. 16, Def. Opposition Memo. at 4) with the overall

briefing of the Motion (presumably the return date for the Motion) (Docket No. 6).  The Scheduling Notice was issued the day after Defendant moved, setting out the Response and Reply deadlines and reserving to the Court whether oral argument would be scheduled (Docket No. 6).  Setting the deadline in that scheduling Order does not give Plaintiff notice that Defendant actually intended to Reply.  Plaintiff is prejudiced by not receiving notice of Defendant's intention to reply in its motion or knowing the full support Defendant intended to base its motion.

This Court enjoys the discretion in enforcement of its Local Civil Rules, Holtz, supra, 258 F.3d at 73; see also Wega v. Center for Disability Rights, No. 06CV6375, 2009 WL 3199684, at *5 (W.D.N.Y. Sept. 30, 2009) (Telesca, J.); D'Antonio, supra, 2008 WL 582354, at *2 n.5 (Docket No. 13, Def. Reply Memo. at 3 n.2; cf. Docket No. 14, Pl. Memo. at 2), even in the absence of an express sanction for not filing a Notice of Motion, cf. W.D.N.Y. Loc. Civ. R. 10(b) (rejection of noncompliant paper).

Technically, Plaintiff is correct and Defendant's Motion to Dismiss should be stricken because of the absence of the Notice of Motion.  Furthermore, Defendant's Reply papers (Docket No. 13) also should be stricken because without a Notice of Motion or other notification, Plaintiff was unaware that Defendant intended to reply (despite this Court's scheduling Order setting a deadline for a Reply).  Rule 7(a)(1)'s requirement for notice of the movant's reply intention is to inform the Court and the opponent of how the movant intends to argue their motion.  If, as Defendant alludes here (Docket No. 16, Def. Memo. at 4 n.4) it did not intend to reply until it reviewed Plaintiff's opposition, Rule 7(1)(a) requires that this determination be noticed and not become an undisclosed tactical decision.

9

To enforce this Court's Local Civil Rule 7(a)(1) and encourage compliance with its requirements for a Notice of Motion, Plaintiff's motion (Docket No. 14) to strike both the Motion to Dismiss (Docket No. 5) and Defendant's Reply (Docket No. 13) without that Notice of Motion is granted.

This Court recognizes that striking the Motion and its Reply merely because an absent Notice of Motion is a drastic remedy, denying Defendant consideration of the merits of that Motion to Dismiss.  This striking of Defendant's Motion and Reply is without prejudice to Defendant properly renewing its Motion to Dismiss as this decision is not on the merits.  Defendant thus is to file a Notice of Motion for its Motion to Dismiss by April 7, 2021, or within eight (8) days of entry of this Decision and Order.  This Court thus will not rule upon the arguments raised in Defendant's pending Motion to Dismiss (Docket No. 5) since Defendant may raise them anew (or with other grounds) upon filing a Notice of Motion.

## IV.    Conclusion

Plaintiff's Motion (Docket No. 14) to Strike Defendant's Motion to Dismiss (Docket No. 5) is granted without prejudice; the Motion to Dismiss (Docket No. 5) and Defendant's Reply papers (Docket No. 13) are stricken.  Defendant shall file a Notice of Motion for the stricken Motion to Dismiss within eight (8) days of entry of this Decision and Order, or by April 7, 2021.  Until that Notice is filed, this Court declines consideration of the merits of Defendant's stricken Motion (Docket No. 5).

## V.    Orders

IT HEREBY IS ORDERED, that Plaintiff's Motion (Docket No. 14) to Strike Defendant's Motion to Dismiss (Docket No. 5) and Defendant's Reply (Docket No. 13) is GRANTED.

FURTHER, Defendant shall file and serve its Notice of Motion for the stricken Motion to Dismiss within eight (8) days of the entry date of this Decision and Order (or by April 7, 2021) consistent with this Court's Local Civil Rule 7(a)(1).

SO ORDERED.


Dated:        March 30, 2021
              Buffalo, New York


                                        s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge