UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHERYL KUJAWSKI,

                        Plaintiff,

        v.                                                **DECISION AND ORDER**

                                                          19-CV-603S

LIBERTY MUTUAL INSUANCE COMPANY,

                        Defendant.

## I.        Introduction

Before this Court is the second Motion of Defendant Liberty Mutual Group Inc. (claiming that the Complaint, Docket No. 1, Notice of Motion, Ex. A, Compl., misidentified it as "Liberty Mutual Insurance Company"[1]) to Dismiss (Docket No. 20; <u>see</u> Docket No. 21, Motion to Dismiss[2]).  Defendant renewed its Motion to Dismiss (Docket No. 5) following this Court striking it for not having a Notice of Motion (Docket No. 19, 2021 WL 1197734, Order of Mar. 30, 2021); familiarity with that Decision and Order is presumed.

This is a removed diversity action (Plaintiff is a Florida resident and Defendant a Massachusetts corporation, Docket No. 1, Notice of Motion ¶¶ 4-5, Ex. A, Compl. Parties ¶¶ 1, 2)).  Plaintiff alleges torts committed by Defendant, her former employer.

---

[1]Court Clerk is instructed to amend the caption to reflect Defendant's correct name.

[2]In support of Defendant's Motion to Dismiss, Docket No. 20, Notice of Motion, Docket No. 21, Motion to Dismiss, Defendant submits its Memorandum of Law, with Exhibit A (page 1 of Defendant's Employee Handbook), Docket No. 21; and Reply Memorandum, Docket No. 29.  The Court also notes Defendant's prior Motion to Dismiss, Docket No. 5, which is repeated in Defendant's present moving papers; the present Reply, Docket No. 29, repeats arguments made in the stricken initial Reply, Docket No. 13, Def. Reply Memo. at 3-9.

In opposition, Plaintiff submits her response, Docket No. 27, her Memorandum of Law and her Attorney's Affirmation, Docket No. 28.

For the reasons stated herein, Defendant's Motion to Dismiss (Docket No. 20) is granted but Plaintiff is granted leave to amend the Complaint (see Docket No. 28) as indicated in this Decision.

## II.     Background

### A.  Complaint and Removal to This Court (Docket No. 1)

As noted in the striking of the first Motion to Dismiss, <u>Kujawski v. Liberty Mutual Ins. Co.</u>, No. 19CV603, 2021 WL 1197734, at *1-2 (Docket No. 19), Plaintiff filed her Complaint on February 12, 2018, in New York State Supreme Court (Docket No. 1, Ex. A). Plaintiff alleges that Defendant negligently inflicted emotional distress, negligently hired, and breached the implied contract, all arising from Defendant hiring a new managing attorney in its Legal Department that criticized Plaintiff and caused her emotional distress.

Plaintiff began at Defendant's Legal Department in March 1988 and was promoted to office manager in 1998 (<u>id.</u>, Compl. Relevant Facts ¶¶ 1-2).  In 2008, Plaintiff managed Defendant's Legal Department offices in Buffalo and Albany and received favorable evaluations throughout her tenure (<u>id.</u> ¶¶ 3, 4).

In 2011, Defendant hired Destin Santacrose as managing attorney for the Legal Department (<u>id.</u> ¶ 5).  Santacrose began to show dissatisfaction with Plaintiff's work (<u>id.</u> ¶¶ 6-8).  In September 2015, after Plaintiff returned from a stress-related disability leave, Santacrose began to ridicule Plaintiff and publicly embarrass her before her coworkers (<u>id.</u> ¶¶ 9, 10, 11).  Santacrose blamed Plaintiff for what turned out to be his mistakes (<u>id.</u> ¶ 12).  At the end-of-year evaluation by Santacrose, Plaintiff received the worst evaluation working for Defendant (<u>id.</u> ¶ 13).  Plaintiff reported Santacrose's conduct to Defendant's

upper management (<u>id.</u> ¶ 14). Santacrose then placed a written warning for a fabricated infraction in Plaintiff's personnel file (<u>id.</u> ¶ 15).

Plaintiff suffered another stress-related illness and was forced to take medical disability leave (¶¶ 16, 17). She later inquired about severance packages and resignation, offering to turn in her work laptop and office keys (<u>id.</u> ¶¶ 19-21). Plaintiff turned in the keys and equipment but received no acknowledgement from Defendant of receipt thereof (<u>id.</u> ¶¶ 21-22). Plaintiff then contacted Defendant's Human Resources Department and that office had not been informed about Plaintiff's circumstances (<u>id.</u> ¶¶ 23-25).

Defendant, however, did not offer Plaintiff a severance package and deemed Plaintiff to have resigned as of the date she surrendered her keys and laptop (<u>id.</u> ¶¶ 25-26) despite Plaintiff not intending to resign as of her turning in that equipment (<u>id.</u> ¶ 27).

Plaintiff's First Cause of Action alleges negligent infliction of emotional distress under New York common law (<u>id.</u> ¶¶ 29-44) from Santacrose finding fault in Plaintiff's performance and his verbal reprimands of her (<u>id.</u> ¶¶ 30, 35-36). Santacrose had ordered Plaintiff to "manage out" another senior employee (<u>id.</u> ¶¶ 31-33) and Plaintiff felt that Santacrose was trying to "manage her out" of her job (<u>id.</u> ¶ 39).

The Second Cause of Action alleges negligent hiring, supervision, and retention of an unfit employee (Santacrose) under New York law (<u>id.</u> ¶¶ 46-56). The Third Cause of Action alleges a New York common law claim for breach of an implied contract created in Defendant's employee handbook (<u>id.</u> ¶¶ 58-67).

     B. Motions to Dismiss (Docket Nos. 5, 20-21)

Defendant first moved to dismiss (Docket No. 5), raising the same argument renewed in the pending motion (Docket Nos. 20, 21). Defendant, however, initially did

not file a Notice of Motion for that first Motion. Plaintiff moved to strike the first Motion (and Defendant's Reply papers, Docket No. 13) for the absence of a Notice of Motion and the lack of prior notice of Defendant's intention to submit a Reply (Docket No. 14). On March 30, 2021, this Court granted the motion to strike the Motion to Dismiss and Reply papers for the absence of the Notice of Motion, without prejudice to Defendant to filing a renewed Motion with the Notice of Motion, Kujawski, supra, 2021 WL 1197734, at *4-5 (Docket No. 19).

Defendant then filed the Notice of Motion (Docket No. 20) and Motion (Docket No. 21) again seeking dismissal of the Complaint

Initially, responses to Defendant's Motion were due by April 20, 2021 (Docket No. 22). Plaintiff moved for extension of time to respond (Docket No. 23), which this Court granted (Docket No. 24). Responses then were due by May 11, 2021, and any reply by May 18, 2021 (Docket No. 24). Plaintiff moved again for extension of time (Docket No. 25) which was granted (Docket No. 26). Responses then were due by June 10, 2021, and any reply by June 17, 2021 (id.).

Plaintiff (Docket Nos. 27, 28) and Defendant (Docket No. 29) then filed timely response and reply papers. The Motion then was deemed submitted without oral argument.

### III.    Discussion

A.  Applicable Standards

1.  Motion to Dismiss

Defendant has moved to dismiss on the grounds that the Complaint fails to state a claim for which relief cannot be granted (Docket No. 20). Under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, this Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Supreme Court later held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion addresses to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). This Court also may consider matters of which judicial notice may be taken, Brass

v. American Film Techs., 987 F.2d 142, 150 (2d Cir. 1993); Calcutti v. SBU, Inc., 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003), under Federal Rule of Evidence 201, Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991); Calcutti, supra, 273 F. Supp. 2d at 498.

Other materials referenced in a motion to dismiss are extrinsic and could lead to conversion of the 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment or their exclusion, Calcutti, supra, 273 F. Supp. 2d at 498. "'[W]hen matters outside of the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material,'" Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Board of Managers of Continental Towers Condominium, 848 F.2d 24, 25 (2d Cir. 1988)). If, as here, materials outside the pleadings are presented in opposition to a Rule 12(b) motion, and are not excluded by the Court, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all material that is pertinent to the motion," Fed. R. Civ. P. 12(d). Courts enjoy "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it," 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004). Courts often convert the Motion to Dismiss when the proffered material "is likely to facilitate the disposition of the action," id. at 165.

In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass,

754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

2. Choice of Law

In diversity cases, federal courts apply substantive law of the jurisdiction, here New York law, see Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including its choice of law regime, Klaxon Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed 1477 (1941). In personal injury actions, New York law generally applies the law of the jurisdiction in which the injury occurred, see Cooney v. Osgood Mach., Inc., 81 N.Y.2d 66, 595 N.Y.S.2d 919 (1993); Neumeier v. Kuehner, 31 N.Y.2d 121, 335 N.Y.S.2d 64 (1972). Under New York's choice of law rules, "the first step in any case presenting a potential choice of law is to determine whether there is an actual conflict between the laws of the jurisdictions involved," Mater of Allstate Ins. Co., 81 N.Y.2d 291, 223, 597 N.Y.S.2d 904, 905 (1993). This Court need not determine which forum's law applies where the relevant issue is resolved the same under either forum's law or no true conflict exists, Elgin Sweeper Co. v. Melson Inc., 884 F. Supp. 641, 684 (N.D.N.Y. 1995), especially where there is no material difference between the jurisdictions' laws, id.

Both parties here apply New York substantive law. Although Plaintiff is now a Florida resident, she was employed in New York by Defendant (Docket No. 1, Ex. A, Compl. Relevant Facts ¶¶ 1-2). Plaintiff alleged her claims under New York law (see id. First, Second, and Third Causes of Action headings). She has not applied another jurisdiction's law. Defendant also has not invoked law from another jurisdiction.

Therefore, this Court will apply New York substantive law to Plaintiff's claims and Defendant's defenses.

### 3. New York Workers' Compensation Law and Negligence at Work

### a. Workers' Compensation

One defense raised here is the exclusivity of New York State's workers' compensation scheme to employee's negligence claims. As once noted by this Court, <u>Viehdeffer v. Tryon</u>, No. 12CV23, 2012 WL 3746372, at *11 (W.D.N.Y. Aug. 28, 2012) (Skretny, C.J.),

> "Under New York law, [a claim for intentional infliction of emotional distress] has four elements:
>
> "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. The first element-outrageous conduct-serves the dual function of filtering out petty and trivial complaints that do not belong in court, and assuring that plaintiff's claim of severe emotional distress is genuine.
>
> "<u>Howell v. New York Post Co.</u>, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699, 702 (1993)."

<u>Viehdeffer</u>, <u>supra</u>, 2012 WL 3746372, at *11.

Where the plaintiff is an employee suing her employer for the negligent infliction of distress is barred by New York Workers' Compensation Law, <u>id.</u>; <u>Nieves v. City of Rochester</u>, No. 08CV6537, 2011 WL 867605, at *2 (W.D.N.Y. Mar. 10, 2011) (Larimer, J.); N.Y. Workers' Comp. Law §§ 29(6), 11.

Workers' Compensation Law § 29 states that "the right to compensation or benefits under this chapter shall be the exclusive remedy to an employee," N.Y. Workers' Comp. Law § 29(6). Section 11 states that the liability of an employer is exclusively under that law, <u>id.</u> § 11.

b.  Negligent Hiring and Supervision Claim

Under New York law, a negligent hiring, supervision, and retention claim is covered by workers' compensation, Tainsky v. Clarins USA, Inc., 363 F. Supp. 2d 578, 585-86 (S.D.N.Y. 2005).  The mere allegation of agency and liability is insufficient to state a claim under the Workers' Compensation Law for negligent supervision, id. at 586, citing Hart v. Sullivan, 84 A.D.2d 865, 445 N.Y.S.2d 40 (3d Dep't 1981); Ribis v. Mike Barnard Chevrolet-Cadillac, Inc., 468 F. Supp. 2d 489, 507-08 (W.D.N.Y. 2007) (Larimer, J.) (citing cases).

Liability for negligent hiring, training, or supervision "only arises where an employee has engaged in conduct outside the scope of his employment, such that the employer could not otherwise be held vicariously liable, and liability is instead premised upon the employer's failure to act on a known risk concerning conduct outside of an employee's duties," Nieves, supra, 2011 WL 867605, at *4 (emphasis in original, citations omitted).

4.  Breach of Employment Contract

Absent an employment contract, under New York law an employee needs to establish an implied-in-fact agreement and allege that the employer accepts the implied agreement (from an employee manual or handbook, for example), Maas v. Cornell Univ., 94 N.Y.2d 87, 94, 699 N.Y.S.2d 716, 720 (1999) (rejecting handbook as part of employment contract absent assent by university employer) (Docket No. 21, Def. Memo. at 6-7); see Kunda v. Caremark PhC, L.L.C., 119 F. Supp.3d 56, 61 (E.D.N.Y. 2015) (citing Maas for pharmacy's employment handbook).

### 5. Leave to Amend Standard

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court. These motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" <u>Foman</u>, <u>supra</u>, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

### B. Parties' Contentions, Renewed Motion to Dismiss (Docket Nos. 20, 21)

### 1. Defendant (Docket Nos. 20, 21)

In its Motion to Dismiss, Defendant argues that workers' compensation addressed what Defendant calls Counts I and II of the Complaint (the First and Second Causes of Action) and provided an exclusive remedy for Plaintiff (Docket No. 21, Def. Memo. at 3-4, 5), N.Y. Workers' Comp. § 29(6); <u>Viehdeffer</u>, <u>supra</u>, 2012 WL 3746372, at *11 (negligent infliction of emotional distress claim preempted by workers' compensation law); <u>Nieves</u>, <u>supra</u>, 2011 WL 867605, at *2 (same); <u>Tainsky</u>, <u>supra</u>, 363 F. Supp. 2d at 585-86 (claim of negligent supervision is regulated by workers' compensation law). Defendant argues that Plaintiff's Second Cause of Action for negligent hiring, retention, and

supervision claim (what Defendant terms Count II) also fails because Plaintiff did not allege that Santacrose acted outside of the scope of employment (id. at 4), Nieves, supra, 2011 WL 867605, at *4.

Defendant also contends that Plaintiff was an at-will employee and did not have an employment contract that could have been breached (as claimed in the Third Cause of Action, or as Defendant calls Count III) (id. at 6-9). Defendant produced the first page of the employee handbook to support its contention that there was no employment contract, with the handbook's express denials that it was an employment contract (id. at 7-8, Ex. A).

2. Plaintiff's Response to Motion to Dismiss (Docket No. 28)

Plaintiff responds by distinguishing cases cited by Defendant that attempted to reject her negligent infliction of emotional distress claim (Docket No. 28, Pl. Memo. at 4, 5; see also Docket No. 12, Pl. Memo. in Opposition to original Motion to Dismiss at 3-4) and negligent hiring claims (Docket No. 28, Pl Memo. at 5-6; see also Docket No. 12, Pl. Original Opp. Memo. at 4-5). She denied that her at-will employment status was a per se bar to her breach of implied contract claim, distinguishing Maas because it arose from the academic employment context (Docket No. 28, Pl. Memo. at 9; see also Docket No. 12, Pl. Original Opp. Memo. at 5). She argued that this Court should not consider the single page from her employment handbook submitted by Defendant out of any context (Docket No. 28, Pl. Memo. at 9; see also Docket No. 12, Pl. Original Opp. Memo. at 5-6). Alternatively, if any of her causes of action need to be dismissed, Plaintiff now seeks leave to amend under Rule 15 (Docket No. 28, Pl. Memo. at 6, 10; id., Pl. Atty. Affirm. ¶ 4).

### 3. Defense Reply (Docket No. 29)

Reiterating arguments raised in its initial, stricken Reply (Docket No. 13), Defendant replied that New York Workers' Compensation Law precluded Plaintiff's negligence claims against her employer (Docket No. 29, Def. Reply Memo. at 2-7; cf. Docket No. 13, Def. Reply Memo. at 3-7). Defendant argues that Plaintiff's Second Cause of Action fails because she fails to allege that Santacrose engaged in conduct outside the scope of his employment; the alleged actions fell within his duties hence her claim for negligent hiring, training, supervision, or retention of Santacrose fails (Docket No. 29, Def. Reply Memo. at 5-7).

As for her Third Cause of Action, Defendant argues that Plaintiff had not met her burden of pleading the existence of a contract by identifying Defendant's Employee Handbook (Docket No. 29, Def. Reply Memo. at 7-8; cf. Docket No. 13, Def. Reply Memo. at 7-8). Defendant contends that Plaintiff is inconsistently arguing that Defendant violated the terms of the Employment Handbook while also claiming that she resigned, also inconsistently asserted that she did not resign and alleging that she did (Docket No. 29, Def. Reply Memo. at 8 & n.2, citing Docket No. 1, Ex. A, Compl. ¶¶ 43 (Plaintiff's "relinquishment of employment"), 64 (stating that she resigned), 27 (denying resignation)).

Defendant only addressed granting any leave to amend by asking this Court to remind Plaintiff of pleading obligations that "there exists both a factual and legal basis for any claims Plaintiff may assert" (id. at 8 n.3).

C. Negligence Claims and Workers' Compensation:  Negligent Infliction of Emotional Distress, First Cause of Action and Negligent Hiring, Training, and Supervision, Second Cause of Action

Defendant correctly contends that workers' compensation exclusively covered Plaintiff's negligence claims she now asserts in the First and Second Causes of Action (Docket No. 21, Def. Memo. at 3-4, 5).  Negligent infliction of emotional distress in the workplace is covered by New York Workers' Compensation Law, N.Y. Workers' Comp. Law §§ 29(6), 11; Viehdeffer, supra, 2012 WL 3746372, at *11; Nieves, supra, 2011 WL 867605, at *2.  This Court in Viehdeffer granted defendant Valley Metro's Motion for Judgment on the Pleadings (among various grounds raised) because Plaintiff Viehdeffer alleged that Valley Metro was her employer.  As such, Viehdeffer's negligent infliction of emotional distress claim (like his intentional infliction claim) is barred by New York Workers' Compensation Law.  Viehdeffer, supra, 2012 WL 3746372, at *11 (citing Kruger v. EMFT, LLC, 87 A.D.3d 717, 719, 930 N.Y.S.2d 11, 14 (2d Dep't 2011) (recognizing bar of negligent infliction of emotional distress by Workers' Compensation Law); Dansler-Hill v. Rochester Inst. of Tech., 764 F. Supp. 2d 577, 585 (W.D.N.Y. 2011) (Larimer, J.) (same); N.Y. Workers' Comp. Law §§ 11, 29(6)).

Judge Larimer in Nieves also held that "in New York, Workers' Compensation Law provides the exclusive remedy for negligence claims against an employer," 2011 WL 867605, at *2, concluding that Nieves failed to state a claim for negligent infliction of emotional distress against his employer, the City of Rochester, id, at *3, 1.

New York Workers' Compensation Law precludes an employee's tort action against her employer for injuries arising from her employment.  Section 11 of the New York Workers' Compensation Law states that the liability of an employer is exclusively under that law, N.Y. Workers' Comp. Law § 11.  Section 29(6) of the Workers'

Compensation Law also provides that "the right to compensation or benefits under this chapter shall be the exclusive remedy to an employee," id., § 29(6).

These sections of the Workers' Compensation Law do not distinguish among the types of an employer's negligence that would allow an employee to sue some torts but not others against her employer. Plaintiff seems to argue the contrary by attempting to distinguish negligent infliction of emotional distress from intentional infliction of emotional distress (cf. Docket No. 28, Pl. Memo. at 5-6, quoting Kelly v. Chase Manhattan Bank, 717 F. Supp. 227, 235 (S.D.N.Y. 1989)).

In Kelly, plaintiff James Kelly was employed by a bank that merged into defendant Chase Manhattan Bank and was given assurances that there would be no job loss as a result of the merger, id. at 228-29. Kelly unsuccessfully sought a full-time position within Chase Manhattan Bank after the merger but was discharged at the completion of the integration of the banks. He later was offered openings with Chase Manhattan Bank, but he accepted voluntary retirement. Id. at 229. The court in Kelly did distinguish the elements of these two causes of action, describing negligent infliction of emotional distress under New York law, 717 F. Supp. at 235 (id.), where Kelly alleged negligent infliction, id., and intentional infliction of emotional distress claims, id. at 236 (holding that this claim was time barred). Kelly argued for his negligent infliction claim that Chase Manhattan Bank owed him a special duty to avoid making job security commitments when the bank knew that they were inaccurate, id. The court held that not "every adverse employment decision may give rise to a claim for negligent infliction of emotional distress," concluding that Kelly has not alleged facts to support that claim, warranting summary judgment to defendant, id. That court, however, did not discuss whether Workers'

Compensation Law covered Kelly's negligence claims, the issue presented by Kujawski's Complaint. Instead, the court found these tort claims lacked sufficient evidence or were time barred, id. at 235, 236. Kujawski's reliance on Kelly is unavailing.

This Court in Viehdeffer held that both forms of infliction of emotional distress torts are covered exclusively by workers' compensation, 2012 WL 3746372, at *11. Among the grounds therein for dismissal of Sharon Viehdeffer's claim for negligent infliction of emotional distress there was the bar created by the Workers' Compensation Law, id. (also dismissing for failure to allege extreme and outrageous conduct and allege a breach of duty owed to plaintiff). Kujawski, however, has not established that this decision was erroneous or misstated New York law. Whether termed a "per se" jurisdictional bar, Viehdeffer applied New York Workers' Compensation Law and bar to an employee's negligence claims against her employer.

Thus, Defendant's Motion to Dismiss (Docket No. 20) Plaintiff's First Cause of Action is granted.

As for her Second Cause of Action for Defendant's negligent hiring, supervision, training, and retention of Santacrose, Plaintiff merely alleges that Defendant failed to determine Santacrose's fitness to be her superior (Docket No. 1, Ex. A, Compl. ¶¶ 49-51), that he posed a significant danger to Plaintiff and other employees while with Defendant (id. ¶ 52), and that Defendant was warned by her (id. ¶ 14). Santacrose evaluated Plaintiff's work negatively despite her stellar work record prior to his hiring (id. ¶¶ 6, 13, 2-4). Her complaints about Santacrose's performance are entirely based upon his performance at work (id. ¶¶ 7-8, 11-12). She does not allege that he acted outside the scope of his duties as her supervisor, see Nieves, supra, 2011 WL 867605, at *4.

She also does not allege particulars as to the training Santacrose was supposed to receive but did not that led to his actions, see id. She has not stated what training Santacrose should have received to avoid the negative evaluations and other actions Santacrose did give during Plaintiff's tenure under his supervision.

Plaintiff merely disagreed (to the point of emotional upset and physical illness) with Santacrose's evaluations and conduct. She argues that Nieves is distinguishable from the allegations in her Complaint in some unspecified way (Docket No. 28, Pl. Memo. at 6).

Under New York law, as discussed by Judge Larimer in Nieves, however, the tort of negligent hiring, training, supervision, and retention "typically arises only where an employee has engaged in conduct outside the scope of his employment," Nieves, supra, 2011 WL 867605, at *4 (emphasis in original). Plaintiff here has not alleged conduct outside of the scope of employment. She merely disagrees with Santacrose and his management style conducted within the scope of his employment as a manager.

Therefore, Defendant's Motion to Dismiss (Docket No. 20) the Second Cause of Action is granted.

### D. Breach of Implied Contract, Third Cause of Action

#### 1. Extrinsic Document and Motion to Dismiss

Before addressing whether Plaintiff alleged her Third Cause of Action, there is a threshold issue whether this Court at this stage should consider Defendant's Exhibit A, the single page of its Employee Handbook (Docket No. 21, Def. Ex. A; id., Def. Memo. at 7-8).

Plaintiff's response claims that she consulted Defendant's Employee Handbook, although she disputes whether Exhibit A is from the same handbook she consulted (Docket No. 28, Pl. Memo. at 9; <u>see also</u> Docket No. 12, Pl. Original Opp. Memo. at 5).

The Complaint alleges a breach of implied contact created by the "employee handbook" (Docket No. 1, Ex. A, Compl. ¶ 66, Third Cause of Action). The pleading, however, did not attach a handbook or reference to specific provisions of the handbook, and the parties presently dispute what document constitutes the relevant "handbook(s)" Plaintiff referred to in the Complaint. Defendant's Employee Handbook is incorporated by reference in that cause of action, but the precise document that is the relevant handbook is not before this Court.

If this Court were to accept Defendant's Exhibit A (Docket No. 21, Def. Ex. A) (with the dispute whether it is complete or whether that was the handbook Plaintiff referred to) Defendant's Motion to Dismiss as presently submitted would have to be converted into a Motion for Summary Judgment with notice to the parties and leave to submit papers responsive to the converted motion, Fed. R. Civ. P. 12(d), ultimately pointing either to the need for discovery, <u>see</u> Fed. R. Civ. P. 56(d), or to potential issues of material fact.

Given the disposition of the Motion to Dismiss stated below, this Court need not convert the Motion into a summary judgment motion. While Defendant's Employee Handbook is incorporated by reference in this Complaint, the specific version or provisions of that Handbook are not.

## 2. Implied Employment Contract

Defendant argues that Plaintiff lacks an implied contract claim because she did not have a contract with Defendant (Docket No. 21, Def. Memo. at 6-9, Ex. A). Defendant

cites Maas v. Cornell University, a case arising from the academic employment context. The New York Court of Appeals there noted that handbooks are "not universally accepted" as part of employment contracts, 94 N.Y.2d at 94, 699 N.Y.S.2d at 720, citing Mawdsley, Litigation Involving Higher Education Employee and Student Handbooks, 109 Ed. Law Rep. 1031, 1049 (1996). Plaintiff, however, would restrict Maas to academic employment, for university employment and student handbooks (Docket No. 28, Pl. Memo. at 9; cf. Docket No. 12, Pl. Original Opp. Memo. at 5).

The United States District Court for the Eastern District of New York in Kunda (not in an academic employment case) concluded that "as a general matter under New York law, a failure by an employer to follow its internal policies cannot form the basis of a breach of contract claim, unless, inter alia, mutual assent to enter into an implied-in-fact contract is shown," Kunda, supra, 119 F. Supp.3d at 61 (citing Maas) (Docket No. 21, Def. Memo. at 6). Plaintiff William Kunda worked for defendant CVS and CVS referred to its employee handbook for examples of conduct that could lead to discipline or termination, id. at 58-59. That case did not arise in the academic employment context but applied Maas to implied-in-fact employment contracts and discipline under employee handbooks generally. Thus, Maas is not restricted to academic employment.

Plaintiff has the burden to allege the terms of the handbook that she now claims were violated by Defendant failing to train Santacrose leading to subjecting Plaintiff to unwarranted criticism (but cf. Docket No. 1, Ex. A, Compl. ¶¶ 59, 61).

Defendant also argues that Plaintiff resigned (Docket No. 21, Def. Memo. at 8 & n.4). Plaintiff alleges that Defendant failed to follow its procedure in how it handles resignations (Docket No. 1, Ex. A, Compl. ¶¶ 64, 65). Defendant also claims that Plaintiff

was inconsistent about resigning (Docket No. 29, Def. Reply Memo. at 8 & n.2). Plaintiff's current allegations, however, are not inconsistent about her resigning. She first alleges that she denied resigning after she inquired about severance packages (id. ¶¶ 27, 19). In paragraph 43 for her First Cause of Action, Plaintiff alleges that Defendant was negligent in Santacrose's behavior and that he used overt threats to procure her "relinquishment of employment" (id. ¶ 43). In her Third Cause of Action, Plaintiff claims that Defendant failed to follow its policy and procedure "when it declared plaintiff to have resigned her employment without consulting plaintiff" (id. ¶ 64). These allegations are consistent; Plaintiff claimed she never resigned but Defendant treated her as if she did and allegedly forced her ouster.

For these contentions about termination and resignation procedures, however, Plaintiff has not attached the employee handbook or cite to provisions of the handbook that address her charges. Instead, she makes conclusory allegations that Defendant violated its policies without stating what those policies were. Without Plaintiff alleging which year or version of the handbook she claims was applicable, her allegations are merely conclusory. Defendant submission of the first page from an undated employee's handbook (Docket No. 21, Ex. A) does not assist here because it is not disclosed which year or edition that page came from and whether Plaintiff was referring to that edition of the handbook or that provision. As previously stated, this ineffective, conclusory allegation does not require this Court to convert this Motion to Dismiss into one for Summary Judgment and compel production of evidence (in particular, the handbook or handbooks Plaintiff relies upon) to clarify this dispute at this time. This Motion need not be converted to consider a particular exhibit as the employee handbook at issue.

Defendant's Motion to Dismiss (Docket No. 20) the Third Cause of Action is granted; Plaintiff has not established the existence of a contractual relationship (explicit or implied) with Defendant. While Defendant presents a page from their handbook which expressly disclaimed creation of a contractual relationship, that issue need not be raised on the present motion. Thus, her Third Cause of Action fails.

E. Leave to Amend

Plaintiff alternatively seeks leave to amend the Complaint if any of her causes of action were dismissed (Docket No. 28, Pl. Memo. at 6, 10; Docket No. 28, Pl. Atty. Affirm. ¶ 4), as they are here. Amendment should be freely given unless (applicable here) it is futile, see Foman, supra, 371 U.S. at 182. This Court examines each Cause of Action to determine if amendment would preserve the claim or whether amendment would be futile.

Amendment of the First Cause of Action would be futile. A negligence claim remains barred by the exclusive remedy of workers' compensation.

As for amending the Second Cause of Action, this negligence claim also is limited by exclusive remedy of workers' compensation law. Plaintiff would need to allege that Santacrose acted outside the scope of employment to allege a negligent, hiring, training, supervision, and retention claim.

As for the Third Cause of Action, Plaintiff alleges breach of an implied contract under the employment handbook where she did not produce the handbook or reference to specific provisions of the breached handbook. Plaintiff is granted leave to either allege the relevant provision of the Employer Handbook or incorporate by reference the presumed relevant handbook.

As a result, leave to amend (see Docket No. 28, Pl. Memo. at 6, 10; Docket No. 28, Pl. Atty. Affirm. ¶ 4), is granted in part (for asserting amendments to her Third Cause of Action) and denied in part (for her First and Second Causes of Action).

### IV.    Conclusion

Defendant's renewed Motion to Dismiss (Docket Nos. 20, 21) is granted.  Plaintiff here merely alleges that her new manager, Destin Santacrose, disliked her and attempted to force her out of her job with Defendant despite her previous stellar record.  Although Santacrose acted at times unprofessionally, Plaintiff's allegations fail to state causes of action for negligent infliction of emotional distress or negligent hiring, retention, training, and supervision.  Negligent infliction of emotional distress and negligent hiring, retention, training, and supervision claims are covered exclusively by New York Workers' Compensation Law as torts by an employer in the employment context, thus compelling dismissal of Plaintiff's First and Second Causes of Action.

As for Plaintiff's Third Cause of Action, Plaintiff has not established that she had an employment contract (express or implied) with Defendant that Defendant breached. This conclusion is based upon the Complaint and the lack of the effective provisions of the Employment Handbook Plaintiff claims were breached.

Plaintiff alternatively seeks leave to amend her Complaint (Docket No. 28, Pl. Memo. at 6, 10; id., Pl. Atty. Affirm. ¶ 4).  Regarding her First and Second Causes of Action, such an amendment would be futile since any amendment cannot overcome the exclusive relief afforded to Plaintiff under the New York Workers' Compensation Law for her tort claims against her employer.

As for her Third Cause of Action, Plaintiff may amend without futility by expressly referring to provisions of the Employment Handbook that she claims were violated and give rise to her rights; her motion for leave to amend (Docket No. 28) for this Cause of Action is granted. She thus has fourteen (14) days from entry of this Order to amend her Complaint consistent with this Decision and Order.

## V.    Orders

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 20) is GRANTED.

FURTHER, Plaintiff is granted leave to amend her Complaint (see Docket No. 28) consistent with this Decision and Order to allege amendment to her Third Cause of Action and is to file and serve the amendment within fourteen (14) days of entry of this Order.

FURTHER, the Court Clerk is ordered to amend the caption of this action to reflect Defendant's correct name, Liberty Mutual Group Inc.

SO ORDERED.


Dated:        June 28, 2021
              Buffalo, New York


                                        s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                     United States District Judge