UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHERYL KUJAWSKI,

                    Plaintiff,

          v.                                              **DECISION AND ORDER**

                                                                19-CV-603S

LIBERTY MUTUAL GROUP INC.,

                    Defendant.

## I.     Introduction

This is a removed diversity action; Plaintiff is a Florida resident who formerly lived in New York and Defendant Liberty Mutual Group[1] is a Massachusetts corporation (Docket No. 33, Am. Compl. ¶¶ 1-2, 3; Docket No. 1, Notice of Motion for Removal ¶¶ 4-5, Ex. A, Compl.).   Defendant successfully moved to dismiss the original Complaint (Docket No. 30, Order of June 28, 2021, <u>Kujawski v. Liberty Mutual Ins. Co.</u>, 2021 WL 264576; familiarity with this and previous Decisions in this case is presumed).   Plaintiff then amended her Complaint to allege a single claim of breach by Defendant, her former employer, of an implied contract arising from her employee handbook from Defendant (Docket No. 33, Am. Compl. at page 5 of 8).

Before this Court is Defendant's Motion to Dismiss this Amended Complaint (Docket No. 36[2]).   Plaintiff did not submit a timely response.   After August 30, 2021 (the

---

[1] Defendant is misidentified in the Amended Complaint, Docket No. 33, as "Liberty Mutual Insurance Company," see Docket No. 36, Def. Notice of Motion at 1; Docket No. 30, Order of June 28, 2021, 2021 WL 2649576, at *1 & n.1.

[2]In support of its Motion, Defendant submits the combined Notice of Motion and Memorandum of Law, Docket No. 36.

deadline for any reply, Docket No. 37), this Court found oral argument unnecessary and decided the Motion on the papers submitted.  For the reasons stated herein, Defendant's Motion to Dismiss the Amended Complaint (Docket No. 36) is **granted**.

## II.    Background

### A.  Complaint and Removal to This Court (Docket No. 1)

Plaintiff originally alleged three New York common law causes of action against Defendant, for negligent infliction of emotional distress, negligent hiring, supervision and retention, and breach of an implied covenant not to terminate.  These claims allegedly all arose from Defendant hiring a new managing attorney in its Legal Department that criticized Plaintiff, causing her emotional distress and her eventual departure from Defendant.  (Docket No. 1, Ex. A, Compl.; see Docket No. 33, Am. Compl. ¶¶ 5-8.)

Plaintiff began at Defendant's Legal Department in March 1988.  She was promoted to office manager, and by 2008, managed Defendant's Legal Department offices in Buffalo and Albany and received favorable evaluations throughout her tenure (Docket No. 1, Ex. A, Compl. Relevant Facts ¶¶ 1-2, 3, 4.)

In 2011, Defendant hired Destin Santacrose as managing attorney for the Legal Department (id. ¶ 5).  Santacrose became dissatisfied with Plaintiff's work (id. ¶¶ 6-8).  In September 2015, Santacrose began to ridicule Plaintiff and publicly embarrass her before her coworkers (id. ¶¶ 9, 10, 11).  Plaintiff alleged Santacrose blamed Plaintiff for what turned out to be his mistakes (id. ¶ 12). At Santacrose's year-end evaluation of Plaintiff, she received the worst evaluation ever (id. ¶ 13).  Plaintiff reported Santacrose's conduct to Defendant's upper management (id. ¶ 14).  Apparently in response, Santacrose then placed a written warning in Plaintiff's personnel file for a fabricated infraction (id. ¶ 15).

Plaintiff suffered a stress-related illness and was forced to take medical disability leave (id. ¶¶ 16, 17).  She later inquired about severance packages and resignation, offering to turn in her work laptop and office keys (id. ¶¶ 19-21).  Plaintiff turned in the keys and equipment but received no acknowledgement from Defendant of receipt thereof (id. ¶¶ 21-22).  Plaintiff then contacted Defendant's Human Resources Department and learned that office had not been informed about her circumstances (id. ¶¶ 23-25).

Defendant, however, did not offer Plaintiff a severance package and deemed Plaintiff to have resigned as of the date she surrendered her keys and laptop (id. ¶¶ 25-26) despite Plaintiff not intending to resign at that time (id. ¶ 27).

Plaintiff filed this action in New York State Supreme Court (Docket No. 1, Notice of Removal ¶ 1, Ex. A).  Plaintiff's First Cause of Action alleged negligent infliction of emotional distress under New York common law (Docket No. 1, Ex. A, Compl. ¶¶ 29-44).  The Second Cause of Action alleged negligent hiring, supervision, and retention of an unfit employee (Santacrose) under New York law (id. ¶¶ 46-56).  The Third Cause of Action alleged a New York common law claim for breach of an implied contract created in Defendant's employee handbook (id. ¶¶ 58-67).

Defendant removed this action to this Court (Docket No. 1) and then moved to dismiss (Docket No. 5) but without filing a Notice of Motion.  Plaintiff moved to strike the first Motion (and Defendant's Reply papers, Docket No. 13) for the absence of a Notice of Motion (Docket No. 14).  On March 30, 2021, this Court granted the motion to strike the Motion to Dismiss and Reply papers for the absence of the Notice of Motion, without prejudice to Defendant to filing a renewed Motion with the Notice of Motion, Kujawski v. Liberty Mutual Ins. Co., No. 19CV603, 2021 WL 1197734, at *4-5 (Docket No. 19).

Defendant then filed a Notice of Motion (Docket No. 20) and second Motion (Docket No. 21) again seeking dismissal of the Complaint, restarting its earlier arguments. On June 28, 2021, this Court granted the Motion to Dismiss but granted Plaintiff leave to amend the Complaint, 2021 WL 2649576, at *6-11.

B.  Amended Complaint (Docket No. 33)

Plaintiff eventually (see Docket Nos. 30 (motion), 31 (Order granting extension of time to serve Amended Complaint)) served and filed her Amended Complaint (Docket No. 33).  After repeating the allegations about her employment with Defendant following the hiring of her new supervisor, Mr. Santacrose (id. ¶¶ 11-36), Plaintiff alleges in her amendment only a claim of breach of implied contract created by the employee handbook under New York common law  (id. at page 5 of 8, First Cause of Action).  What is not alleged, however, are the terms of the employee handbook at issue in this case.

She alleges that she was employed by Defendant for 28 years, "enough to serve as a basis of an implied agreement" (id. ¶ 39; see Docket No. 36, Def. Motion & Memo. at 4).  She also claims that she was aware of Defendant's policies and procedures at her hiring and changes in policy from time to time during her employment (Docket No. 33, Am. Compl. ¶ 40).  While Plaintiff claims adherence to those policies and procedures (indicated by her exemplary record), Mr. Santacrose "'managed' employees out of Liberty Mutual based on the procedures in the employee manual, rather than simply discharge [sic] them based on an at-will employment status, indicating he was bound by the employee manual" (id. ¶ 42; see Docket No. 36, Def. Motion & Memo. at 4), apparently alleging this to establish the existence of an implied contract.

C. Defendant's Pending Motion to Dismiss Amended Complaint (Docket No. 36)

Defendant sought an extension of time to answer or move (Docket No. 34, see Docket No. 35, Order granting extension) and then filed the pending Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 36).  Defendant moves to dismiss with prejudice (Docket No. 36, Def. Motion and Memo. at 1, 3, 6), arguing that Plaintiff should not be granted a second attempt to amend the Complaint.

Responses were due by August 23, 2021, and any replies by August 30, 2021 (Docket No. 37).  Plaintiff did not file a timely response.

### III.   Discussion

A.  Applicable Standards

1.  Motion to Dismiss

As previously discussed in this case (Docket No. 30, Order, 2021 WL 2649576, at *2), Defendant has moved to dismiss on the grounds that the Complaint fails to state a claim for which relief cannot be granted (Docket No. 20).  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  As the Supreme Court later held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion addresses to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). This Court also may consider matters of which judicial notice may be taken, Brass v. American Film Techs., 987 F.2d 142, 150 (2d Cir. 1993); Calcutti v. SBU, Inc., 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003), under Federal Rule of Evidence 201, Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991); Calcutti, supra, 273 F. Supp. 2d at 498.

In considering a Motion to Dismiss, the Court must accept as true all the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by

factual averments will not be accepted as true.  <u>New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions</u>, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

### 2.   Choice of Law

In diversity cases, federal courts apply substantive law of the jurisdiction, here New York substantive law, <u>see</u> <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including its choice of law regime, <u>Klaxon Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed 1477 (1941); <u>Kujawski</u>, <u>supra</u>, 2021 WL 2649576, at *4.  Both parties here apply New York law (Docket No. 33, Am. Compl. at page 5 of 8 (First Cause of Action under New York law); Docket No. 36, Def. Motion and Memo. at 5).  Although Plaintiff is now a Florida resident, she was employed in New York by Defendant (Docket No. 1, Ex. A, Compl. Relevant Facts ¶¶ 1-2).  Plaintiff alleged here claims under New York law (Docket No. 33, Am. Compl. at page 5 of 8).

### 3.   New York Breach of Employment Contract Law

Absent an employment contract, an employee under New York law needs to establish an implied-in-fact agreement and allege that the employer accepted the implied agreement (from an employee manual or handbook, for example), <u>Maas v. Cornell Univ.</u>, 94 N.Y.2d 87, 94, 699 N.Y.S.2d 716, 720 (1999) (rejecting handbook as part of employment contract absent assent by university employer) (Docket No. 21, Def. Memo. at 6-7); <u>see</u> <u>Kunda v. Caremark PhC, L.L.C.</u>, 119 F. Supp.3d 56, 61 (E.D.N.Y. 2015) (favorably citing <u>Maas</u> for case involving pharmacy's employee handbook) (<u>see</u> Docket No. 36, Def. Motion and Memo. at 5).

4.  Leave to Amend and the Effect of Amendment of Pleadings

As noted in the June 2021 Decision and Order, Kujawski, supra, 2021 WL 2649576, at *5, leave to amend under Rule 15(a) requires consent of the parties (not present here) or leave of this Court and that leave is liberally granted except when an amendment would be futile, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); see Kujawski, supra, 2021 WL 2649576, at *5. Leave to amend, as constrained by that Decision and Order, was granted to Plaintiff, Kujawski, supra, 2021 WL 2649576, at *10.

The amended pleading supersedes the initial pleading unless the provisions of earlier pleading are incorporated by reference or recited in the amendment, 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1475, at 636-38 & nn.1, 2 (2010); International Controls Corp. v. Vesco, 556 F.2d 665, 668-69 (2d Cir. 1977) (well established rule that an amended complaint renders the original "of no legal effect," citing, among other authorities, 6 Federal Practice & Procedure § 1476), cert. denied, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978)).

B.  Parties' Contentions

1.  Defendant (Docket No. 36)

Defendant repeats the grounds this Court issued for possible amendment of the Complaint in this case, namely if Plaintiff identified specific provisions of Defendant's employee handbook, she may amend her breach of implied contract claim. Defendant concludes that Plaintiff failed to meet this obligation because Plaintiff had not alleged "any relevant provision of an employee handbook that forms the basis of her claim." (Docket No. 36, Def. Motion and Memo. at 3, 1.) Plaintiff based her claim only on her longevity

8

with Defendant which somehow creates an implied contract (id. at 4, 5); Defendant argues that mere longevity does not create an implied agreement (id. at 5).  Defendant repeats its argument from the earlier Motion to Dismiss that, under New York law, "failure by an employer to follow its internal policies cannot form the basis of a breach of contract claim, unless, inter alia, mutual assent to enter into an implied-in-fact contract is shown.  Kunda v. Caremark PhC., L.L.C., 119 F. Supp. 3d 56, 61" (Docket No. 36, Def. Memo. at 5, citing Maas; see Docket No. 21, Def. Memo. at 6), see also Kujawski, supra, 2021 WL 2649576, at *9.

Defendant moves to dismiss with prejudice (Docket No. 36, Def. Motion & Memo. at 1, 3, 6), arguing that Plaintiff should not be granted a second attempt to amend because she has not cited to provisions of the employee handbook and remains unable to do so (id. at 5-6).

In a footnote, Defendant possibly seeks Rule 11 sanctions (id. at 3 n.2) and notes this Court's power, under New York State procedure, to sanction (id., citing 22 N.Y.C.R.R. § 130-1.1).

Plaintiff has not responded.

### C.  Breach of Implied Contract Cause of Action

In Defendant's second Motion to Dismiss the original Complaint, Defendant proffered a single, undated page of its Employee Handbook (Docket No. 21, Def. Ex. A), arguing that no employment contract existed between the parties (id., Def. Memo. at 7-8).  Plaintiff countered that she consulted Defendant's Employee Handbook to constitute her breach of implied contract claim, although she disputed whether Defendant's Exhibit A was from the same handbook she consulted (Docket No. 28, Pl. Memo. at 9;

see also Docket No. 12, Pl. Original Opp. Memo. at 5).  This Court did not consider Defendant's proffered extrinsic evidence (to avoid conversion of the Motion to Dismiss into one for Summary Judgment) and held that Plaintiff failed to allege the existence of an implied contract, 2021 WL 2649576, at *8-9, 9-10.

This Court has granted Plaintiff leave to amend to assert an implied contract cause of action, id. at *10, with Plaintiff "to either allege the relevant provisions of the Employer Handbook or incorporates by reference the presumed relevant handbook," id.   The amended pleading (Docket No. 33), however, does not remedy the defect in the original and did not attach a handbook or reference relevant portions thereof.  It remains unclear what provisions (or which version) of the employee handbook Plaintiff alleges create an implied contract in fact or the violations thereof.

Defendant's Motion to Dismiss (Docket No. 36) is granted.  This Court afforded Plaintiff the opportunity to amend only if she produced or referenced the applicable provisions of the employee handbook she believed were breached or constituted the basis for her claims, Kujawski, supra, 2021 WL 2649576, at *10.  Instead, Plaintiff failed to do so.  She merely alleges facts of the existence of an implied contract in fact (Docket No. 33, Am. Compl. ¶¶ 39-42) and generally alleges a cause of action arising from "the implied contract created by the employee handbook" (id. at page 5 of 8) but without reference or incorporation of the handbook.

The problem with the original pleading (and continued with its amendment) is the employee handbook.  Both pleadings did not include that handbook.

As previously found, Kujawski, supra, 2021 WL 2649576, at *10, Plaintiff's allegations required references (or inclusion) of the employee handbook and not mere

conclusory allegations of violation of unstated provision of the handbook.  Absent such references, this Court cannot determine whether Plaintiff's implied contract was breached or whether such an implied contract was ever created.  Even if an implied contract is pled in the Amended Complaint, Plaintiff also needed to allege Defendant's mutual assent to enter that implied in fact contract, Kunda, supra, 119 F. Supp.2d at 61; Kujawski, supra, 2021 WL 2649576, at *9.  The Amended Complaint does not establish the existence of an implied-in-fact contractual relationship, see Kujawski, supra, 2021 WL 2649576, at *10.

    In addition to not including provisions of the employee handbook, the Amended Complaint fails to allege the breach Defendant caused to the purported implied contract. The Amended Complaint may allege the existence of an implied contract though the employee handbook that Defendant and Santacrose acknowledged and Defendant's policies and procedures (Docket No. 33, Am. Compl. ¶¶ 40-42).  Plaintiff, however, fails to allege a breach of that implied contract.  Any purported breaches (in Santacrose's compelling Plaintiff and other employees to quit (cf. id. ¶ 42) and in mischaracterizing Plaintiff's departure as a resignation, id. ¶¶ 28-36) were alleged in the original Complaint but not reasserted in the Amended Complaint as breaches of the employment handbook or implied contract.  These allegations in the original Complaint were not incorporated by reference in the Amended Complaint.  Even if those initial allegations are still applicable, Plaintiff has not alleged in the Amended Complaint how either Santacrose's actions or the characterization of her departure violated the employee handbook or Defendant's other employment procedures.  Without the handbook, it is unclear what breach occurred and how Plaintiff was harmed.  Reviewing the Amended Complaint, this Court fails to find

an allegation of violation of Defendant's policies or procedures or assertion of a breach of contract.

Plaintiff has failed to state a claim for breach of an implied contract by not presenting the terms of that contract, establishing Defendant's assent to such terms, or showing how Defendant breached them.  Defendant's Motion to Dismiss the Amended Complaint (Docket No. 36) is granted.

### D.  Dismissal with Prejudice

Defendant seeks this dismissal with prejudice (see generally id.).  Plaintiff has been given leave once to amend her Complaint and directed how she could state her implied breach of contract claim by referencing or furnishing the employee handbook she believes is at issue.  She did not provide the handbook.  Plaintiff did not respond to this Motion, so this Court does not have her contention that she lacked access to the handbook.  Also, by not responding Plaintiff is not seeking leave to further amend the Amended Complaint to allege the contents of the handbook.  Plaintiff could have alleged upon information and belief in her Amended Complaint the provisions of the handbook that she contends were breached and how she was damaged by that breach, but she did not.

A further attempt to amend would be futile.  Absent even allegation of the terms of the handbook, and allegations of mutual assent to its terms as an implied-in-fact contract, cf. Kunda, supra, 119 F. Supp.3d at 61, Plaintiff cannot overcome her at-will employment status to state an implied contract claim.

Therefore, granting again leave to amend would be futile.  Defendant's motion (Docket No. 36) for dismissal with prejudice is granted.

E.  Sanctions

Defendant references possibly seeking Rule 11 sanctions for Plaintiff's amending her Complaint and invites this Court to exercise its inherent authority to sanction Plaintiff (Docket No. 36, Def. Motion & Memo. at 3 n.2).  Defendant, however, has not filed a Rule 11 sanctions motion.  A Rule 11 motion requires a separate motion from other motions, Fed. R. Civ. P. 11(c)(2), prior notice to Plaintiff before filing the actual sanctions motion to give Plaintiff 21 days to withdraw the challenged paper, id.  Absent that motion or indication of the predicate practice, this Court will not rule on Rule 11 sanctions.

Although Defendant cites to New York State regulations regarding sanctions for frivolous conduct in civil litigation (id., citing 22 N.Y.C.R.R. § 130-1.1), this Court instead is governed by Federal Rule 11 for sanctions of pleadings, motions, or other papers and, as stated above, not applicable absent a separate motion.  Given that this Court is governed by the Federal Rules of Civil Procedure, including Rule 11 and its procedures for sanctions, Fed. R. Civ. P. 81(c)(1); see Willy v. Coastal Corp., 503 U.S. 131, 134-35, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992), as well as its inherent authority under federal law, see 28 U.S.C. § 1927, this Court declines application of New York State rules.

This Court, under 28 U.S.C. § 1927, may imposes excess costs against counsel "who so multiplies the proceedings in any case unreasonably and vexatiously."  This Court declines to do so here.  This Court granted Plaintiff leave to amend, Kujawski, supra, 2021 WL 264576, at *10, 11, so her filing her Amended Complaint is not unreasonable or vexatious to warrant recovery of excess costs.

Thus, Defendant's invitation to sanction Plaintiff beyond dismissal of her action (Docket No. 36, Def. Motion & Memo. at 3 n.2) is denied.

## IV.     Conclusion

Defendant's Motion to Dismiss the Amended Complaint (Docket No. 36) is granted. Plaintiff here merely alleges the grounds for existence of an implied contract but not how that contract was breached to state a claim.  Without allegation of the effective provisions of the employee handbook that Plaintiff claims were breached, there is no claim for adjudication.  Defendant's suggestion of imposing sanctions, however, is denied.

Plaintiff was given leave to amend her Complaint to allege breach of an implied contract, but Plaintiff fails to allege that breach.  She merely alleges two disjointed facts, first, that she was badly treated by her new supervisor, Mr. Santacrose, and second, the existence of an implied contract based upon (the yet to be proffered) employee handbook. Plaintiff fails to allege how this implied contract was breached and how she was damaged by the breach.

## V.     Orders

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 36) the Amended Complaint (Docket No. 33) is GRANTED with prejudice.

FURTHER, leave to amend the Complaint is DENIED.

FURTHER, the Court Clerk is directed to CLOSE this case without further order of this Court.

SO ORDERED.


Dated:         September 2, 2021
               Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge